UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JABE IRA CARNEY,

      Applicant,

v.                                     CASE NO. 8:15-cv-713-T-23JSS

SECRETARY, Department of Corrections,

      Respondent.

_____/

## O R D E R

      Carney applies for the writ of habeas corpus under 28 U.S.C. § 2254.  Both the response and Carney's reply are docketed.  (Docs. 11 and 14)  Carney moves (1) to expand the record to include the deposition of a police officer, (2) to conduct an evidentiary hearing, (3) to appoint counsel, and (4) to produce the transcript of portions of specific witnesses' trial testimony.  (Docs. 15–19)  An earlier order (Doc. 20) denies the request for counsel and directs the respondent to address Carnery's other requests.  In response (Doc. 21) the respondent files the trial transcript and opposes either expanding the record or conducting an evidentiary hearing.

### Expanding the Record:

      In ground one Carney alleges that trial counsel rendered ineffective assistance by not moving to suppress the blood test results that determine his blood-alcohol

level.  The police officer who ordered medical personnel to draw the blood sample

was deposed before trial but the deposition was never admitted into evidence during

the state court proceedings.  Carney moves (Doc. 15) to expand the record under

Rule 7, Rules Governing Section 2254 Cases in the United States District Courts, to

include the deposition of the police officer.

Rule 7 pre-dates the Anti-Terrorism and Effective Death Penalty Act of 1996

("AEDPA").  As explained in *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398

(2011), the AEDPA restricts a federal court's review to the record that was before the

state court:

> We now hold that review under § 2254(d)(1) is limited to the
> record that was before the state court that adjudicated the claim
> on the merits. Section 2254(d)(1) refers, in the past tense, to a
> state-court adjudication that "resulted in" a decision that was
> contrary to, or "involved" an unreasonable application of,
> established law. This backward-looking language requires an
> examination of the state-court decision at the time it was made.
> It follows that the record under review is limited to the record
> in existence at that same time *i.e.,* the record before the state
> court.

Instead of using Rule 7 to expand the record, an applicant must meet the

requirements under Section 2254(e)(2) to obtain an evidentiary hearing.  *See, e.g.,*

*Frazier v. Bouchard*, 661 F.3d 519, 528 (11th Cir.  2011) (limiting review of a

Section 2254 application to the record that was before the state court and rejecting

the district court's expanding the record under Rule 7) (*citing Pinholster*), *cert. denied*,

133 S. Ct. 410 (2012).  The review of Carney's ground one is limited to the record

that was considered by the state courts.

**Evidentiary Hearing:**

Carney asserts several additional grounds of ineffective assistance of counsel. The state court summarily denied each ground except ground three, which was the subject of an evidentiary hearing. Carney asserts entitlement to an evidentiary hearing on each additional ground for relief.

Other than ground one, each ground for relief was denied on the merits. As a consequence, the review of each ground is controlled by Section 2254(d) and the review of Carney's application is limited to the facts presented to the state court. *See Pinholster*, 131 S. Ct. at 1400 ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."). The review of Carney's additional grounds is limited to the record that was considered by the state courts.

Accordingly, Carney's motions to expand the record and to conduct an evidentiary hearing (Docs. 15 and 17) are **DENIED**.

ORDERED in Tampa, Florida, on October 13, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE